## No. 13,322.

### SLATT ET AL. v. THOMAS.
(36 P. [2d] 459)

Decided September 17, 1934.

Mr. JAMES E. GARRIGUES, for plaintiffs in error.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error was plaintiff in the trial court where he began this action to foreclose a mechanic's lien. Plaintiffs in error were made defendants and reference will be made to the parties as they were aligned in the court below.

Nettie M. Slatt owned oil and gas leases covering about 10,000 acres lying east of Denver on the "Watkins

Anticline." Through consolidation of these leases, she created the "Hill's Dome Lease." This was divided into 3,000 undivided interests. A trust was formed for all of the net income from oil and gas produced from the leased premises. Interests were sold and prior to her death, August 16, 1931, she had drilled a well about 3,700 feet deep. In her will she named defendants as successor trustees and empowered them to execute the trust and these substituted trustees were confirmed by the court upon probation of the will on September 14, 1931. The trustees met late in September, elected a chairman and instructed him to employ plaintiff as a driller to be paid $250 per month and two and a half interests each month in addition, while actually drilling. Plaintiff accepted this employment and began work October 1, 1931. On November 4, 1931, the defendants or trustees entered into a drilling contract with one Siler, by the terms of which Siler agreed to furnish labor, and the contract contained the following clause: "Second party (Siler) will confer with Joe Thomas (plaintiff), superintendent, and the trustees of Hill's Dome Lease, regarding the further and continued drilling of said hole when there are showings of oil or gas as to when to shut down and when to continue drilling."

Plaintiff was advised of this contract, and continued work as drilling superintendent. Siler abandoned his contract on April 16, 1932, on which date defendants claim they held a meeting and instructed the chairman to notify plaintiff that he had been laid off. Plaintiff claims he was not laid off, and there is a conflict in the testimony of the several defendants on this point. Another meeting was held June 26th. At this meeting plaintiff was present and it is apparent from the testimony that some discussion was had among the trustees concerning laying plaintiff off.

The testimony of defendant Carl E. Slatt, given under cross-examination, is as follows:

"Q. Is it your contention, Mr. Slatt, that Mr. Joe

Thomas was not the drilling superintendent, so-called, or the superintendent, so-called, for Hillsdome Lease at this well during the time the Siler Company had this contract with you? A. No, it is not.

"Q. It is not your contention? A. No. He had a cooperative agreement with Mr. Siler.

"Q. I didn't ask you that. I asked you if it is your contention that he wasn't then representing you? A. He was.

"Q. He was your drilling superintendent, wasn't he? A. Yes.

"Q. Charged with the duty of looking for that well, and all operations under it? A. Well, it was in cooperation with Mr. Siler.

"Q. But he should represent you? A. Yes, sir.

"Q. He represented you? A. Yes, sir.

* * *

"Q. On this day, the 26th of June, Mr. Thomas was there? A. Yes, sir. * * * I wanted to find out what we owed him.

"Q. What was the purpose of talking about it? A. We wanted to find out what we owed him because we were laying him off.

"Q. Didn't you, yourself, style him [plaintiff] as your superintendent, as the trustee's superintendent? A. We did in the Siler contract.

"Q. And you did in communications and statements to various interest holders? A. We did."

Plaintiff alleged, and so testified, that he continued work under his contract with the trustees from October 1, 1931, to August 26, 1932.

Upon trial to the court, after admitted credits were allowed both parties, judgment was entered in favor of plaintiff and against defendants individually and in their representative capacities for $838.

The substance of the error assigned is to the effect that after November 4, 1931, plaintiff was in the employ of Siler; that defendants were acting solely in their rep-

resentative capacity and judgment should not have been entered against them individually; and that the judgment is excessive.

The court found on conflicting evidence that plaintiff's contract of employment was in force from October 1, 1931, to June 26, 1932. This finding is correct, as can easily be determined by an examination of the testimony, and under the well settled rule it will not be disturbed.

Counsel for defendants argue that plaintiff was in the employ of Siler after November 4, 1931, and this argument in face of an admission in the answer, that under the contract defendants owe him for services rendered from October 1, 1931, to April 15, 1932. This needs no further comment. The contract under which plaintiff began work October 1st, was made by the trustees in behalf of the trust, and it nowhere appears that there was an agreement that plaintiff was to look only to the trust. This arrangement the trustees were entitled to make. Under such contracts, the law imposes a personal liability on the trustees, and to be protected against such liability, it was their burden to stipulate themselves from under this well settled rule.

"If a trustee contracting for the benefit of a trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate." *Taylor v. Davis' Administratrix,* 110 U. S. 330, 4 Sup. Ct. 147, 28 L. Ed. 163.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.